The General Court,
Johnson, Ch. J. and Goldsbo rough, J.(a)
gave judgment for the plaintiff, that the act of limitations could not be pleaded in this action. Thi defendant appealed to the Court of Appeals.

In the Court of Appeals.

A. Chase, for the appellant. French brought an action on the case, in the General Court, against O’Neale (as Sheriff of Frederick County) for an escape, to which he plead ed the act of limitations, and on general demurrer the General Court gave judgment for French. To reverse thi; judgment O’Neale has appealed.
The only question is, whether the act of Assembly oi 1715, c. 23. is pleadable to this action on the case for an escape. The words of the act are “ that ail actions upo? the case shall be brought within three years ensuing the cause of action, and not after.” The prohibition in tin-statute 21 Jac. c. 16. is in the same words.
As the present action is an action on the case, how is r possible to think that it is not within the act of Assembly, If actions on the case are to be confined to actions upoi simple contract, book debt, or account, then actions of trover, and all special actions on the case for deceit, conse quential injuries, &c. are not within the act; and every per son knows that in trover, (Cro. Car. 246. 333.) and all ac lions on the case, the act of limitations has always andurii formly been pleaded and allowed.
*405 If it be admitted that all actions on the case (not com-V menced within three years after the cause of action accrues) may be barred by pleading the act of Assembly, there must be an end to the question, unless this particular action on the case for an escape can be distinguished from all other actions on the case.
This difference was taken and allowed by the General Court, on the authority of 1 Mod. 245. Cochran v. Welby, (29 Car. II. in C. B.) which is there stated to be an action on the case against a Sheriff for not bringing money into Court at the day of the return of the writ, which money he had levied on a fieri facias for the plaintiff. To this action the defendant pleaded the statute of 21 Jac. c. 16., and it Was not allowed, because the ground of the action ia maleJicium. This law is reported in 2 Mod- 212. and in 2 Show. 79. and stated to be an action of debt, and so cited 8 Bac. Abr. 509. If it was an action of debt, it is good law; if on the case, it is not law. The reason, because ex maleficio, is nonsense. This is the true distinction: to an, action on.the case for an escape, the act of limitations is plead-able, but not to an action of debt for an escape, because the one is within the act of limitations, but the other is not.
The act of Assembly (1715, c. 23.) prohibits three kinds of actions of debt. 1. Actions of debt for lending; 2. Actions of debt on contract, without specialty; 3. Actions of debt for arrearages of rent. The statute 21 Jac. c. 16. has the same prohibition. No other actions of debt are within, the act of Assembly or the statute of James. Ergo, sax action of debt for escape is not within the statute of James, or our act of Assembly.
As the act of limitations is in restraint of the common law, which fixed or limited no time for the bringing of actions, no case not within the letter, can by construction be brought within the act; and therefore, if an action on the: case for an escape is prohibited, but not an action of debt for an escape, and the party may bring either action, if he brings the one that is within the act it is his own fault. *406 An action of debt for an escape is not within the act of A.S' sembly or the statute of fames, because not for a loan or oír contract -without specialty, or for arrearages of rent.
The following cases shew that an action of debt for ar< escape is not within the statute of 21 Jac. c. 16., and that an action on the case for an escape is within the statute 3 Bac. Abr. 509. 1 Saund. 37. 1 Lev. 191. 1 Sid. 305. 2 Bac. Abr. 245, 246. 15 Vin. Abr. Limitation, 108, 10 Vin. Abr. Escape, 118. pl. 40. 5 Com. Dig. 529. cite. 1 Sid. 306., and 532. cites 1 Saund. 38. 1 Lev. 191.
An action of debt for an escape is grounded on th< equity of the statutes of W. II. c. 1.3. (2 Inst. 382. Bull 68.) and is not within the statute of 21 Jac. c. 16., any more than an action of debt on stat. 2 Edw. VI. for not setting out tithes. Every authority that shews that an action, of debt for an escape is not within the statute of limitation; is grounded on reasons which do not apply to an actior on the case for an escape, which is given by the commoi law, and is an action grounded on a trespass or wrong, an<’ not on any contract in deed or in law. And debt for ai escape, and debt for not setting out tithes, are considere; as not within the statute of limitations for the same reason. . 5 Com. Dig. 532., because they are grounded on statutes But case for an escape is not grounded on any statute, bvi is given by the common law.
The act of limitations is pleadable in any Court wIkut damages are to be recovered. 2 Salk. 424. 3 Salk. 227. In the present case, damages only are to be recovered, k the discretion of the jury. The present action being ar action on the case, is within the words of the act of Assembly, and it lies on the defendant in error to satisfy the Court that an action on the case for an escape has been determined to be out of the statute of fames. No such cas; can be produced, and if one could be found, it is not law
Pinkney, for the appellant. The act of 1715, c. 23. i: sufficiently comprehensive to include this case; for aftc *407 enumerating several species of actions to which the statute may be pleaded, it goes on and says, “ or actions on the case,” which latter words embrace every distinct kind of action on the case. This act was intended to be a copy of the statute 21 Jac. I. c. 16.; but though it be not entirely so, it nevertheless contains the substance of it, and that statute having been construed in England to comprehend this case, it is consequently within the meaning of the words, “ or actions on t' ,e case,” contained in the act of 1715, c. 23. See 1 Sid. 306. where it is expressly said that an action on the case for an escape is within the statute of limitations, but an action of debt for an escape is not; which doctrine is supported by all the cases in the books, as they universally go to the same point; therefore, the judgment of the General Court ought to be reversed. 2 Bac. Abr. 915. 5 Com. Dig. 527. 15 Vin. 111 cited in corroboration of the case in Siderfin.
Cooke, for the appellee. Where there is the same reason there is the same law. It cannot be contended that the action on the case is barred by the statute of limitations, and the' action of debt not, as the former arises ex maleficio as well as the latter, and it has been acknowledged by the counsel for the appellant that the action of debt could not be barred by the act of limitations. All the authorities are that way, and not one of them mentions the action on the case, except Siderjin, where it is expressly determined, that the statute of limitations is a bar to an action on the case for an escape. This point was not before the Court, therefore the opinion was extrajudicial, and was only laid down arguendo. Is it not surprising that Siderjin should be the only book where this point has been determined, ■when no doubt it must have” often occurred and having never been determined, the natural conclusion is, the plea was not good, as an almost universal silence in Westminster flail, on a subject which frequently gives occasion for litigation, is a strong argument to prove that an action cannot *408 be sustained; therefore the case in Siderfm, being unique, and unsupported by any other authority, cannot be sufficient to induce this Court to reverse the judgment of the Court below. 1 Mod. 145. 2 Mod. 17. 217.
The Court of Appeals affirmed the judgment at June term, 1793.

 J. T. Chase, J.having Been counsel in this cause, previous to his ap pointment as Judge of the. General Court, did not sit.